IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISON

IN RE: CASE NO.: 15-2775-JCO

SUSAN D. ERNANDEZ,

DEBTOR(S)

## MEMORANDUM OPINION AND ORDER

This matter came before the Court on Tuesday, April 26, 2016, for hearing on the Debtor's Motion to Vacate or Set Aside Discharge (the "Motion") filed by Debtor Susan Ernandez. (Doc. 35). Appearances were noted on the record. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the general order of reference of the District Court. This is a core proceeding arising under Title 11 of the United States Code as defined in 28 U.S.C. § 157(b)(2)(A). The Court has considered the Motion and has taken judicial notice of the contents of the court file pursuant to Federal Rule of Evidence 201 and finds and concludes as follows.

The Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on August 27, 2015. An order discharging the Debtor from all dischargeable debts was entered on December 21, 2015. (Doc. 30).

In the Motion before this Court, the Debtor requests that the discharge be vacated and/or set aside so that she may amend her schedules to add a debt that she represents preexisted the filing of this case. Presumably, the Debtor is concerned that the debt was not discharged because of her failure to properly list the debt. The listing of a debt in the schedules is not a condition of its discharge under 11 U.S.C. § 727. That section provides that "a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for

relief . . . ."  11 U.S.C. § 727(b).  Nothing in § 727 prevents an unscheduled debt from being discharged.

This case is what is commonly referred to as a "No-Asset Chapter 7," i.e., there are no assets to administer and creditors are not even required to file claims.  Most courts have held that in a no-asset case, a dischargeable debt is discharged even when a creditor has been omitted from schedules, and thus vacating the discharge is both unnecessary and futile.  *In re Nielsen*, 383 F.3d 922, 925; *In re Madaj*, 149 F.3d 467, 468, 470, 472; *Judd v. Wolfe*, 78 F.3d 110, 114; *see In re Beezley*, 994 F.2d 1433, 1436.  The reasoning is that no claim can be untimely in a no-asset case because, pursuant to Federal Rule of Bankruptcy Procedure 2002(e), no deadline is ever set for creditors to file claims. Therefore, 11 U.S.C. § 523(a)(3)(A), which makes some otherwise dischargeable debts non-dischargeable if the debtor neglects to schedule them in time for the creditor to timely file a proof of claim, does not apply.  *In re Nielsen*, 383 F.3d at 925 (adopting the holding and reasoning of *In re Beezley*, 994 F.2d at 1436); *In re Madaj*, 149 F.3d at 472; *Judd*, 78 F.3d at 114.  This Court agrees.

The Debtor avers the following: that the unscheduled creditor, Alabama Orthopedic Group, is the holder of a debt that preexisted this bankruptcy; and, as previously stated, the debt being pursued by Alabama Orthopedic Group has been discharged.  The Discharge Order entered on December 21, 2015 includes the following language:

> **Collection of Discharged Debts Prohibited**
>
> The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. … A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

2

Case 15-02775    Doc 50    Filed 04/27/16    Entered 04/27/16 11:08:45    Desc Main
                Document      Page 2 of 3

(Doc. 30). This Court is concerned by the actions of the unscheduled creditor, but makes no finding related thereto. The creditor may have had no knowledge of the bankruptcy. While knowledge of the bankruptcy has no bearing on the discharge of the debt, it does have bearing on the creditor's ability to have the debt deemed non-dischargeable. *See*, 11 U.S.C. § 523(c) and FRBP 4007(b).

Consequently, the Court concludes that cause does not exist to vacate or set aside the discharge. Any debts which were incurred prior to the filing of this case on August 27, 2015 were discharged by the Court's Order of Discharge entered December 21, 2015, a copy of which is attached. Thus, the Motion is due to be denied. Accordingly, it is hereby

**ORDERED, ADJUDGED, AND DECREED** that the Motion is **DENIED**.

**IT IS FURTHER ORDERED** that the attorney for the Debtor shall serve a copy of this **ORDER** on Alabama Orthopedic Group within 3 days of receiving same.

Dated: April 27, 2016

JERRY OLDSHUE
U.S. BANKRUPTCY JUDGE